FILED
DEC - 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

SECURITIES AND EXCHANGE COMMISSION,
100 F Street, N.E.
Washington D.C. 20549-6030

   Plaintiff,

  v.

HANS WAGNER,
21 Sjoetullsbacken
11525 Stockholm
Sweden

   Defendant.

---

**COMPLAINT**

Case: 1:07-cv-02213
Assigned To : Kennedy, Henry H.
Assign. Date : 12/7/2007
Description: General Civil

Plaintiff Securities and Exchange Commission (the "Commission" or "SEC") alleges as follows:

**NATURE OF THE ACTION**

1. This case involves insider trading in the securities of msystems Ltd. in advance of a merger announcement. The defendant, Hans Wagner, was a director of msystems during the relevant period. Wagner learned about preliminary merger negotiations on June 7, 2006 and bought 200,000 shares of msystems common stock on June 8 for $27.77 per share. msystems announced the merger the

1

afternoon of July 30.  The closing price of msystems stock increased $4.21 or 13.2% to $36 the next day.

2.   In recognition of his ethical obligations as a board member of a publicly traded company, Wagner, on his own volition, contacted the staff of the SEC shortly thereafter and offered to disgorge his trading profits.

### JURISDICTION AND VENUE

3.   This court has jurisdiction over this action pursuant to Sections 21(d), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e) and 78aa].  Defendant has, directly or indirectly, made use of the means or instrumentalities of interstate commerce and/or of the mails in connection with the transactions described in this Complaint.

### DEFENDANT

4.   Hans Wagner ("Wagner"), age 76, was a director of msystems from November 2002 until the merger was completed in November 2006.  Wagner lives in Stockholm, Sweden.

### RELEVANT ENTITY

5.   msystems Ltd. ("mystems" or "company") is a publicly-traded Israeli corporation headquartered in Kfar Saba, Israel.  msystems produces flash disk data storage devices for Internet appliances and network infrastructure equipment.  Prior to the merger, msystems had a class of

securities registered with the Commission pursuant to Section 12(g) of the Exchange Act, and the company's common stock traded on the Nasdaq Stock Market during the relevant period.

**SUBSTANTIVE ALLEGATIONS**

<u>Prior Merger Overtures</u>

6.   From time to time prior to 2006, Eli Harari, chief executive officer and chairman of SanDisk Corporation, proposed to Dov Moran, chief executive officer and then chairman of msystems, that they explore a business combination of SanDisk and msystems. These included proposals from Harari in May 2001 and August 2003. None of those proposals developed into substantive negotiations.

<u>Preliminary Merger Negotiations</u>

7.   On May 25, 2006 msystems announced that it was launching a public offering of 8,700,000 shares. On May 27, Harari contacted Moran by telephone and proposed that they pursue discussions regarding a possible business combination. Moran informed Harari that, in light of msystems' pending public offering, msystems would prefer not to pursue such discussions at that time.

8.   On June 1, 2006, msystems announced that, in light of the commencement of an internal review of prior stock option grants, msystems would not be proceeding with

its previously announced public offering. Later on June 1, 2006 Moran and Harari spoke by telephone and they discussed SanDisk's interest in pursuing a possible business combination with msystems.

9. Unbeknownst to Wagner, on June 4, 2006 Harari contacted Moran and reiterated SanDisk's interest in pursuing a possible transaction. Harari suggested that they each engage investment bankers to discuss the valuation of a possible business combination and informed Moran that SanDisk was prepared to deliver an outline of the general terms of a proposal for an all-stock acquisition of msystems by SanDisk.

10. Unbeknownst to Wagner, on June 5, 2006 Harari delivered to Moran SanDisk's proposal outlining general terms of an all-stock acquisition of msystems by SanDisk.

**Wagner's Meeting with Moran and Stock Purchases**

11. On June 7, 2006 Moran met with Wagner at msystems' headquarters in Israel. Moran and Wagner discussed a number of business-related issues including financing alternatives. At some point during their discussion, without mentioning the details of the proposal, Moran informed Wagner about the recent proposal by SanDisk. Consistent with the company's prior responses to SanDisk's

overtures, Wagner recommended that this proposal be rejected as well.

12. On June 8, 2006, Wagner bought 200,000 shares of msystems common stock for $27.77 per share.

**Final Merger Negotiations**

13. During the remainder of June 2006, representatives of msystems and SanDisk held discussions regarding a possible transaction and consulted with their respective outside financial advisors.

14. In early July 2006, msystems formally engaged a financial advisor in connection with a possible business combination with SanDisk, and outside legal counsel to SanDisk delivered to representatives of msystems drafts of a merger agreement.

15. In mid-July 2006, representatives of SanDisk and of msystems, together with their respective financial advisors and outside legal counsel, held numerous meetings in London to negotiate the terms of the proposed merger.

16. Between July 26 and July 29, 2006, representatives of SanDisk and of msystems and their respective advisors participated in numerous meetings and telephone conferences concerning, and exchanged revised drafts of, the proposed merger agreement.

17. On July 29, 2006, Harari and Moran reached a general understanding that the respective boards of directors of SanDisk and msystems should consider an exchange ratio of 0.76368.

18. At a meeting of the msystems board of directors on July 29, 2006, the msystems board of directors unanimously approved the terms of the proposed merger.

19. During the evening of July 29 and the morning of July 30, 2006 representatives from SanDisk and of msystems finalized the merger agreement and related agreements.

20. On July 30, 2006 SanDisk and msystems executed the merger agreement and related agreements and the parties issued a joint press release. The closing price of msystems stock increased $4.21 or 13.2% the next day.

## CLAIM FOR RELIEF

21. Plaintiff SEC hereby incorporates ¶¶ 1 through 20 with the same force and effect as if set out here.

22. In the manner described in ¶¶ 1 through 21, defendant Wagner, in connection with the purchase or sale of securities, by the use of means or instrumentalities of interstate commerce or of the mails, directly or indirectly (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material facts or omissions of

material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engaged in transactions, practices or courses of business which operated or would operate as a fraud or deceit upon persons.

23. By reason of the foregoing, defendant Wagner violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder.

**PRAYER FOR RELIEF**

WHEREFORE, the SEC respectfully requests that this Court enter a final judgment:

(a) permanently enjoining defendant Wagner and his agents, servants, employees, attorneys-in-fact, and those in active concert or participation with them, who receive actual notice by personal service or otherwise, from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. 240.10b-5] promulgated thereunder.

(b) ordering defendant Wagner to disgorge his ill-gotten gains, plus prejudgment interest thereon;

(c) granting such other relief as this Court may deem just and appropriate.

Dec. 7, 2007

*Reid A. Muoio*

Cheryl J. Scarboro
Reid A. Muoio   (RAM-2274)
Keshia L. West
Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street N.E. MS 6030
Washington, D.C. 20549
(tel)     202/ 551-4488 (Muoio)
(fax)     202/ 772-9346 (Muoio)

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
U.S. Securities and Exchange Commission

*1100*

## DEFENDANTS
Hans Wagner

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   99999
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Cheryl J. Scarboro, Esq.
Reid A. Muoio, Esq.
Keshia L. West, Esq.
100 F Street, NW SPII
Washington, D.C. 20549-6030
(202) 551-4488

Case: 1:07-cv-02213
Assigned To : Kennedy, Henry H.
Assign. Date : 12/7/2007
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ⦿ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**⦿ E. General Civil (Other)**   OR   **○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☒ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/* *2255* <br><br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ○ **H.** *Employment Discrimination* <br><br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ○ **I.** *FOIA/PRIVACY ACT* <br><br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ○ **J.** *Student Loan* <br><br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ **K.** *Labor/ERISA (non-employment)* <br><br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ○ **L.** *Other Civil Rights (non-employment)* <br><br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ○ **M.** *Contract* <br><br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ○ **N.** *Three-Judge Court* <br><br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
The insider trading case filed under 15 U.S.C. 77(v)a (2007), 15 U.S.C. 78u(d)-(e)(2006), and 15 U.S.C. 77aa(2006)

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 578,091    Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐  NO ☒  If yes, please complete related case form.

DATE 12/05/2007   SIGNATURE OF ATTORNEY OF RECORD  *Reed A. Muoio*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.