UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FILED

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SECURITIES AND EXCHANGE COMMISSION,
100 F Street, N.E.
Washington, D.C. 20549-6030
                                Plaintiff,

v.

HANS WAGNER,

                                Defendant.

07 2213

**FINAL JUDGMENT AS TO DEFENDANT HANS WAGNER**

The Securities and Exchange Commission having filed a Complaint and Defendant Hans Wagner ("Defendant" or "Wagner") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Wagner and his agents, servants, employees, attorney, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of

1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)   to employ any device, scheme, or artifice to defraud;

    (b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Wagner is liable for disgorgement of $566,756 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $11,335.  Wagner shall satisfy this obligation by paying $578,091 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, wire transfer, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management,

Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Wagner as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Wagner shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. Wagner shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Wagner shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: *February 26*, 2008

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FILED**

**FEB 2 7 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SECURITIES AND EXCHANGE COMMISSION,
100 F Street, N.E.
Washington, D.C. 20549-6030
                       Plaintiff,

v.

HANS WAGNER,

                       Defendant.

**07 2213**

### CONSENT OF DEFENDANT HANS WAGNER

1.    Defendant Hans Wagner ("Wagner") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Wagner admits), Wagner hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a) permanently restrains and enjoins Wagner from violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act")[15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; and

1

(b) orders Wagner to pay $566,756 in disgorgement and $11,335 in prejudgment interest.

3. Wagner waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Wagner waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Wagner enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Wagner agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Wagner will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Wagner waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Wagner of its terms and conditions. Wagner further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or

declaration stating that Defendant has received and read a copy of the Final Judgment.

9.  Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Wagner in this civil proceeding.  Wagner acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Wagner waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Wagner further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Wagner understands that he shall not

be permitted to contest the factual allegations of the complaint in this action.

10. Wagner understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Wagner agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Wagner hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Wagner breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Wagner's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Wagner hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or

indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Wagner to defend against this action. For these purposes, Wagner agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

12. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Wagner (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Wagner's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (iv) consents to personal jurisdiction over Wagner in any United States District Court for purposes of enforcing any such subpoena.

13. Wagner agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Wagner agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated:_____                                    _____
                                                          Hans Wagner

On _29 US August_, 2007, _Hans Wagner_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Thomas V. Sjoblom, Esq.
Proskauer Rose, LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, D.C. 20004

Attorney for Defendant

5